MYERSON *v.* NEFF.

Where premises are let for a specific term, the tenant is not entitled to a notice to quit.

APPEAL from the *Cass* Circuit Court.

Saturday,
December 9.

HOVEY, J.—*Neff* sued *Myerson* before a justice of the peace, for occupying and detaining his store-rooms on lot number 50 in the town of *Logansport*. *Myerson* answered, denying the detainer, and setting up a tenancy from year to year ending on the 22d of *May*, and averring that he had not had legal notice to quit, and denying that any rent was due, or any damages suffered by the plaintiff. The justice rendered judgment in favor of *Neff*, and *Myerson* appealed to the Circuit Court.

At the *November* term, 1853, the cause was submitted to that Court for trial, and judgment rendered in favor of

*Neff* for the possession of the rooms, and 92 dollars and 1 cent. damages, with costs, &c. *Myerson* appealed.

On the trial in the Circuit Court the appellant's counsel moved the Court to certify the facts, under s. 341, p. 115, 2 R. S. 1852.

The following is the statement of the facts found by the Court, and the conclusions of law therefrom:

"1. That at the time of the commencement of this suit, and for many months previous, the defendant, *Myerson*, was in possession of the premises named in the complaint, belonging to the said plaintiff, *Neff*, and by his permission and agreement.

"2. That previous to his occupation under the present landlord, the plaintiff, the defendant had held from the plaintiff's grantor for two or three years, not as tenant from year to year, but as tenant for a year, determinable on each occasion on the first of *May*.

"3. That the defendant's tenancy under said first landlord continued until the 22d day of *May* (inclusive), 1852, when, under the conveyance from said first landlord to the plaintiff, the defendant attorned to the plaintiff and became tenant of the premises *for one year thereafter and no more*, the same to expire on the 22d day of *May* (inclusive), 1853.

"4. That after said 22d day of *May*, 1853, the plaintiff entered on said premises described, and demanded the surrender of the same to him, the plaintiff, for the plaintiff's own use, which the defendant wholly refused.

"5. That in opposition to the said plaintiff's rights, the defendant has knowingly continued in occupation thereof to this time.

"6. That by reason of the same, the plaintiff has sustained damages to the amount of 91 dollars and 2 cents.

"7. And, therefore, as a legal consequence, that the plaintiff ought to have his possession and recover his aforesaid damages."

Under these facts, the record presents no error.

The counsel for the appellant make but one point. They refer to s. 144, p. 441, R. S. 1843, and insist that

they were entitled to three months' notice to quit. The facts do not show a tenancy from year to year under that section. The Court found that by the terms of the attornment, *Myerson* was to have possession of the premises one year and no more, and that the tenancy was to expire on the 22d day of *May*, 1853. In such cases, no notice to quit is necessary. R. S. 1843, s. 155, p. 817.—2 R. S. 1852, s. 5, p. 242.

Nov. Term, 1854.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*H. P. Biddle* and *B. W. Peters*, for the appellant.

*D. D. Pratt* and *S. C. Taber*, for the appellee.